Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
3011 36th Avenue South, #6
Minneapolis, MN 55406
Telephone: 612-217-0257
Email: nik@mcnowick.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*David Kennedy,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

David Kennedy,

             Plaintiff,

      vs.

Experian Information Solutions, Inc.
an Ohio corporation;
Trans Union, LLC,
a Delaware company;
Target Corporate Services, Inc.,
a Minnesota corporation;
Midland Funding, LLC,
a California corporation;
Bank of America, National Association,
a North Carolina national association; and
Elan Financial Services,
a foreign corporation;

           Defendants.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

NOW COMES THE PLAINTIFF, DAVID KENNEDY, BY AND THROUGH COUNSEL, Nicholas Nowicki, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 *et seq.* [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

### PARTIES

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc., ("Experian") which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

    b. Trans Union, LLC ("Trans Union") which is a Delaware company that maintains a registered agent in Maricopa County, Arizona;

3

c. Target Corporate Services, Inc. ("Target") which is a Minnesota corporation that maintains a registered agent in Maricopa County, Arizona;

d. Midland Funding, LLC ("Midland") which is a California corporation that maintains a registered agent in Maricopa County, Arizona;

e. Bank of America, National Association ("Bank of America") which is a North Carolina national association that maintains a registered agent in Maricopa County, Arizona; and

f. Elan Financial Services ("Elan") which is a foreign corporation that maintains its offices in Missouri.

## GENERAL ALLEGATIONS

6. Target is reporting multiple charge offs on its trade line with account number 435237760366XXXX on Plaintiff's Trans Union and Experian credit files.

7. Further, Bank of America is reporting its trade line with account number 87230**** on Plaintiff's Experian credit file and Elan is reporting its trade line with account number 403766000687**** on Plaintiff's Experian credit file with multiple charge offs.

8. These multiple charge offs convey to any user or prospective user of Mr. Kennedy's credit reports that not only did a charge off occur on a particular

4

date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.  Indeed, they are misleading and create a false impression of Mr. Kennedy's credit to any user or prospective user.

9.  The above trade lines are hereinafter referred to as "Errant Trade Lines."

10. Finally, Midland Funding LLC is reporting its trade line with account number 856248XXXX ("Bogus Trade Line") on Mr. Kennedy's Trans Union and Experian credit files over a debt that he does not owe in the amount of $3,235.00. The debt, which is the subject of the Bogus Trade Line, is regarding a Dell computer. Mr. Kennedy received this computer and it was broken. Dell attempted to fix it multiple times and never did, so he requested Dell to pick it up or provide return shipping of the faulty computer. No more responses were made from Dell to Mr. Kennedy. The computer was and is out of service.

11. On or about March 3, 2015, Mr. Kennedy obtained his Experian and Trans Union credit files and noticed the Bogus Trade Line.

12. Shortly thereafter, Mr. Kennedy, submitted letters to Experian and Trans Union disputing the Bogus Trade Line.

13. Upon information and belief, Experian and Trans Union forwarded Mr. Kennedy's disputes to Midland.

14. On or about March 21, 2015, Mr. Kennedy received Experian's dispute results which showed that Midland retained the Bogus Trade Line. Further, Mr. Kennedy noticed multiple charge offs on the Errant Trade Lines.

15. On or about September 24, 2015, Mr. Kennedy, submitted letters to Experian and Trans Union disputing the multiple charge offs on the Errant Trade Lines and disputing the Bogus Trade Line, requesting its removal.

16. Upon information and belief, Experian and Trans Union forwarded Mr. Kennedy's disputes to Midland, Target, Bank of America and Elan.

17. On or about October 26, 2015, Mr. Kennedy received Trans Union's investigation results which showed that Midland retained the Bogus Trade Line and that Target retained the multiple charge offs on the Errant Trade Line.

18. On or about November 16, 2015, Mr. Kennedy obtained his Experian credit file which revealed that Bank of America, Elan, and Target retained the multiple charge offs on the Errant Trade Lines. Further, Mr. Kennedy's Experian credit file showed that Midland retained the Bogus Trade Line.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TARGET**

19. Plaintiff re-alleges the above paragraphs as if recited verbatim.

20. After being informed by Experian and Trans Union of Mr. Kennedy's consumer dispute regarding the Errant Trade Line, Target negligently failed to conduct a

proper reinvestigation of Mr. Kennedy's disputes as required by 15 USC 1681s-2(b).

21. Target negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Trans Union to remove the multiple charge offs from its Errant Trade Line from Mr. Kennedy's consumer credit files.

22. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Kennedy's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

23. As a direct and proximate cause of Target's negligent failure to perform its duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Target is liable to Mr. Kennedy by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Mr. Kennedy has a private right of action to assert claims against Target arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Target for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TARGET

26. Plaintiff re-alleges the above paragraphs as if recited verbatim.

27. After being informed by Trans Union and Experian that Mr. Kennedy disputed the accuracy of the information it was providing, Target willfully failed to conduct a proper reinvestigation of Mr. Kennedy's dispute.

28. Target willfully failed to review all relevant information available to it and provided by Trans Union and Experian as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Target's willful failure to perform its respective duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Target is liable to Mr. Kennedy for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Target for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MIDLAND

31. Plaintiff re-alleges the above paragraphs as if recited verbatim.

32. After being informed by Experian and Trans Union of Mr. Kennedy's consumer disputes regarding its Bogus Trade Line, Midland negligently failed to conduct a proper reinvestigation of Mr. Kennedy's disputes as required by 15 USC 1681s-2(b).

33. Midland negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Trans Union to remove the Bogus Trade Line from Mr. Kennedy's consumer credit files.

34. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Kennedy's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

35. As a direct and proximate cause of Midland's negligent failure to perform its duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. Midland is liable to Mr. Kennedy by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

37. Mr. Kennedy has a private right of action to assert claims against Midland arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Midland for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MIDLAND

38. Plaintiff re-alleges the above paragraphs as if recited verbatim.

39. After being informed by Experian and Trans Union that Mr. Kennedy disputed the accuracy of the information it was providing, Midland willfully failed to conduct a proper reinvestigation of Mr. Kennedy's dispute.

40. Midland willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

41. As a direct and proximate cause of Midland's willful failure to perform its respective duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42. Midland is liable to Mr. Kennedy for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Midland for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

43. Plaintiff re-alleges the above paragraphs as if recited verbatim.

44. After being informed by Experian of Mr. Kennedy's consumer dispute regarding its Errant Trade Line, Bank of America negligently failed to conduct a proper reinvestigation of Mr. Kennedy's disputes as required by 15 USC 1681s-2(b).

11

45. Bank of America negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the multiple charge offs from its Errant Trade Line from Mr. Kennedy's consumer credit file.

46. The Errant Trade Lines is inaccurate and creating a misleading impression on Mr. Kennedy's consumer credit file with Experian to which it is reporting such trade line.

47. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

48. Bank of America is liable to Mr. Kennedy by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

49. Mr. Kennedy has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Bank of America for damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

50. Plaintiff re-alleges the above paragraphs as if recited verbatim.

51. After being informed by Experian that Mr. Kennedy disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Kennedy's dispute.

52. Bank of America willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

53. As a direct and proximate cause of Bank of America's willful failure to perform its respective duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

54. Bank of America is liable to Mr. Kennedy for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ELAN

55. Plaintiff re-alleges the above paragraphs as if recited verbatim.

56. After being informed by Experian of Mr. Kennedy's consumer dispute regarding its Errant Trade Line, Elan negligently failed to conduct a proper reinvestigation of Mr. Kennedy's disputes as required by 15 USC 1681s-2(b).

57. Elan negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the multiple charge offs from its Errant Trade Line from Mr. Kennedy's consumer credit file.

58. The Errant Trade Lines is inaccurate and creating a misleading impression on Mr. Kennedy's consumer credit file with Experian to which it is reporting such trade line.

59. As a direct and proximate cause of Elan's negligent failure to perform its duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

60. Elan is liable to Mr. Kennedy by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

14

61. Mr. Kennedy has a private right of action to assert claims against Elan arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Elan for damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ELAN

62. Plaintiff re-alleges the above paragraphs as if recited verbatim.

63. After being informed by Experian that Mr. Kennedy disputed the accuracy of the information it was providing, Elan willfully failed to conduct a proper reinvestigation of Mr. Kennedy's dispute.

64. Elan willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

65. As a direct and proximate cause of Elan's willful failure to perform its respective duties under the FCRA, Mr. Kennedy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

66. Elan is liable to Mr. Kennedy for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Elan for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

67. Plaintiff re-alleges the above paragraphs as if recited verbatim.

68. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Kennedy as that term is defined in 15 USC 1681a.

69. Such reports contained information about Mr. Kennedy that was false, misleading, and inaccurate.

70. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Kennedy, in violation of 15 USC 1681e(b).

71. After receiving Mr. Kennedy's consumer disputes to the Errant Trade Lines and the Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Kennedy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Experian is liable to Mr. Kennedy by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT X</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

74. Plaintiff re-alleges the above paragraphs as if recited verbatim.

75. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Kennedy as that term is defined in 15 USC 1681a.

76. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

77. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Kennedy, in violation of 15 USC 1681e(b).

78. After receiving Mr. Kennedy's consumer disputes to the Errant Trade Lines and the Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

79. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Kennedy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

80. Experian is liable to Mr. Kennedy by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>COUNT XI</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

81. Plaintiff re-alleges the above paragraphs as if recited verbatim.

82. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Kennedy, as that term is defined in 15 USC 1681a.

18

83. Such reports contained information about Mr. Kennedy that was false, misleading, and inaccurate.

84. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Kennedy, in violation of 15 USC 1681e(b).

85. After receiving Mr. Kennedy's consumer disputes to the Errant Trade Line and the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

86. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Kennedy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

87. Trans Union is liable to Mr. Kennedy by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

88. Plaintiff re-alleges the above paragraphs as if recited verbatim.

19

89. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Kennedy as that term is defined in 15 USC 1681a.

90. Such reports contained information about Mr. Kennedy that was false, misleading, and inaccurate.

91. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Kennedy, in violation of 15 USC 1681e(b).

92. After receiving Mr. Kennedy's consumer disputes to the Errant Trade Line and the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

93. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Kennedy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

94. Trans Union is liable to Mr. Kennedy by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: December 3, 2015          **McDONOUGH & NOWICKI PLLC**

By:   */s/ Nicholas R. Nowicki*

Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
3011 36th Avenue South, #6
Minneapolis, MN 55406
Telephone: 612-217-0257
Email: nik@mcnowick.com

Attorneys for Plaintiff,
David Kennedy

21